UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UMBARGER LLC, et al.,<br><br>    Defendants. | Case No. 20-CV-06542-LHK<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A COURT ORDER AUTHORIZING SERVICE BY DELIVERY BY HAND TO THE CALIFORNIA SECRETARY OF STATE** |

Plaintiff Scott Johnson ("Plaintiff") filed this action alleging violations of the Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act against Defendants Umbarger LLC ("Umbarger") and Does 1-10. ECF No. 1 ("Compl."). Before the Court is Plaintiff's motion for an ex parte application for a court order authorizing service to Defendant Umbarger by delivery by hand to the California Secretary of State. ECF No. 13 ("Mot.").[1] For the reasons discussed below, the Court GRANTS Plaintiff's motion for service via the California Secretary of State.

---

[1] Plaintiff's motion for alternative service contains a notice of motion paginated separately from the points and authorities in support of the motion. ECF No. 13 at 1–2. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

1
Case No. 20-CV-06542-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A COURT ORDER AUTHORIZING SERVICE BY DELIVERY BY HAND TO THE CALIFORNIA SECRETARY OF STATE

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a resident of California.  Compl. at ¶ 1.  Defendant Umbarger is a California Limited Liability Company.  *Id.* at 1.  Umbarger's Statement of Information, filed with the California Secretary of State, lists Daniel H. Smith Jr. as Umbarger's agent for service of process.  ECF No. 13-3, at 2 ("Ex. 1").  Umbarger's Statement of Information does not identify any other officer or person authorized to accept service on behalf of Umbarger.  *Id.*  In the Statement of Information, the address listed for service of process on Umbarger is the same address provided for Umbarger's entity address and mailing address: 4208 Chaboya Rd., San Jose, CA 95148.  *Id.*

Plaintiff filed the instant case on September 18, 2020.  *See* Compl.  During September, October, November, and December of 2020, Plaintiff's process server made twelve attempts at different times of the day and on different days of the week to serve Umbarger at the address listed on Umbarger's Statement of Information.  *See* ECF No. 13-4, at 2, 5 ("Ex. 2").  The process server also mailed a copy of the complaint, summons, and notices and acknowledgements to Umbarger at the address provided on the Statement of Information, but no response has been returned.  *See* Mot. at 3; ECF No. 13-5 ("Ex. 3.").  Plaintiff's process server next made service attempts at two further addresses that Plaintiff's research indicated were associated with Umbarger: 11621 Clayton Road, San Jose, CA 95127 and 6000 Hellyer Ave., Ste. 150, San Jose, CA 95138.  Mot. at 3.  In October and November of 2020, Plaintiff's process server made five attempts at different times of the day and on different days of the week to serve Umbarger at 11621 Clayton Road, San Jose, CA 95127, but was unsuccessful.  *See* Ex. 3 at 7.  In November of 2020, Plaintiff's process server made one attempt to serve Umbarger at 6000 Hellyer Ave., Ste. 150, San Jose, CA 95138, but Daniel H. Smith III told the process server that "Jr. is never around and is not apart of his company."  Ex. 3 at 3.  Finally, Plaintiff tried to call Umbarger at 15 different phone numbers associated with Umbarger's agent, but did not receive a response.  *See* ECF No. 13-6, at 2.

On November 17, 2020,  Plaintiff filed an administrative motion requesting an extension of time to complete service on Defendant.  ECF No. 11.  On November 18, 2020, the Court granted that motion and extended the deadline to complete service by 90 days.  ECF No. 12.  On

2

Case No. 20-CV-06542-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A COURT ORDER AUTHORIZING SERVICE BY DELIVERY BY HAND TO THE CALIFORNIA SECRETARY OF STATE

December 30, 2020, following Plaintiff's unsuccessful attempts to serve Umbarger, Plaintiff filed the instant motion.  ECF No. 13.

**II.  DISCUSSION**

In the instant motion, Plaintiff moves the Court to authorize alternative service on Umbarger via the California Secretary of State under California Corporations Code section 1702(a).  *Id.* at 4.  Service of a complaint in federal court is governed by Federal Rule of Civil Procedure 4.  Rule 4(h)(1)(A) provides that service on domestic corporations may be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Rule 4(e)(1) itself permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

The California Code of Civil Procedure provides for service on a domestic corporation to an agent designated for service of process by the corporation, or to an officer of the company.  *See* Cal. Code Civ. Proc. § 416.10(a), (b).  If a corporation's designated agent "cannot with reasonable diligence be found at the address designated for personally delivering the process," a "court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State . . . one copy of the process for each defendant to be served, together with a copy of the order authorizing such service."  Cal. Corp. Code § 1702(a); *Floyd v. Saratoga Diagnostics, Inc.*, 2020 WL 4505547, at *4 (N.D. Cal. Aug. 5, 2020) (finding service under section 1702(a) appropriate after plaintiff exhausted alternative methods to effectuate service).

Before issuing an order of this kind, the Court must be "shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence" on the corporation's agent according to California Code of Civil Procedure sections 415.10(a), 415.20(a), or 415.30(a) or upon the corporation according to sections 416.10(a)–(c) and 416.20(a). Cal. Corp. Code § 1702(a).  *See, e.g.*, *Freshko Produce Servs., Inc. v. ILA Prods., Inc.*, 2020 WL 2039049, at *3 (E.D. Cal. Apr. 28, 2020) (assessing whether plaintiff's declarations show that service was not possible with reasonable diligence by each of the listed

3

Case No. 20-CV-06542-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A COURT ORDER AUTHORIZING SERVICE BY DELIVERY BY HAND TO THE CALIFORNIA SECRETARY OF STATE

methods); *Gambord v. Westside Gas, Inc.*, 2017 WL 2774408, at *2–4 (N.D. Cal. June 26, 2017) (same). Accordingly, the Court considers in turn whether Plaintiff has "shown by affidavit" that Umbarger "cannot be served with reasonable diligence" pursuant to California Code of Civil Procedure sections 415.10(a), 415.20(a), 415.30(a), 416.10(a), and 416.10(b). *See* Cal. Corp. Code § 1702(a). Sections 416.10(c) and 416.20(a) do not apply because Umbarger is not a bank, and Plaintiff does not allege that Umbarger has forfeited its charter or dissolved. Cal. Code Civ. Proc. §§ 416.10(c), 416.20(a). Thus, the Court need not reach those two sections.

First, section 415.10(a) allows service by "personal delivery . . . to the person to be served." Cal. Code Civ. Proc. § 415.10(a). The twelve attempts at service that Plaintiff has shown in the declaration of Plaintiff's counsel and attached exhibits are sufficient to show that process cannot be accomplished with reasonable diligence by personal delivery to Smith Jr., Umbarger's designated agent, at the address provided on Umbarger's Statement of Information. Mot. at 3–4; ECF No. 13-2, at 3 ("Faythe Gutierrez Decl."); Ex. 2 at 2, 5; *see also Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) (finding that three attempts at service to defendant's residence was sufficient to allow substitute service of process).

Second, section 415.20(a) allows substitute service by leaving a copy of the complaint and summons at the office or home address of the person to be served "with the person who is apparently in charge thereof" and subsequently mailing the documents to the person to be served at the same address where the documents were left. Cal Code. Civ. Proc. § 415.20(a). Plaintiff attempted service at the address listed for Smith Jr. on Umbarger's Statement of Interest. Mot. at 3, Faythe Gutierrez Decl. at 3; Ex. 2 at 2–7. Plaintiff's affidavits of non-service show that Plaintiff's process server attempted service on twelve occasions at the address provided for service, and on each occasion was unable to speak with an occupant. Ex. 2 at 2, 5. Plaintiff's process server also attempted service at two other addresses that Plaintiff's research indicated could be associated with Defendant. *See* Faythe Gutierrez Decl. at 3; Ex. 2 at 3, 7. Plaintiff's process server made five visits to 11621 Clayton Road, San Jose, CA 95127. *Id.* at 7. On the fifth

4
Case No. 20-CV-06542-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A COURT ORDER AUTHORIZING SERVICE BY DELIVERY BY HAND TO THE CALIFORNIA SECRETARY OF STATE

attempt, a male occupant told the process server that Smith Jr. did not reside there and was unknown to him. *Id.* Plaintiff's process server also visited 6000 Hellyer Ave, Ste. 150, San Jose, CA 95138, and was told by Daniel H. Smith III that Smith Jr. "is never around and is not apart of his company." *Id.* at 3. The Court is therefore satisfied that service under section 415.20(a) could not be accomplished through reasonable diligence in light of Plaintiff's failure to locate "a person who is apparently in charge" at Smith Jr.'s office or home address.

Third, section 415.30(a) allows service by mail with a return envelope, postage prepaid. Cal. Code Civ. Proc. § 415.30(a). Service is complete by this method when "a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." *Id.* § 415.30(c). Plaintiff's motion and declaration state that the summons and complaint were mailed to Smith Jr. at both the address listed for service by Umbarger in its Statement of Information and a second address associated with Smith Jr. *See* Mot. at 3; Faythe Gutierrez Decl. at 3; *see also* Ex. 3 at 2–4. As of the date of Plaintiff's motion, no response had been received. Mot. at 3. The declaration of Plaintiff's counsel therefore sufficiently shows that process cannot be served on Umbarger by this method of service with reasonable diligence.

Fourth, section 416.10(a) allows service on a corporation through its agent. Cal. Code Civ. Proc. 416(a). As described above, Plaintiff's affidavit of non-service demonstrates twelve unsuccessful attempts to serve Smith Jr., Umbarger's agent for service of process. Mot. at 3–4; Faythe Gutierrez Decl. at 3; Ex. 2 at 2, 5. The declaration of Plaintiff's counsel therefore demonstrates that process cannot be served on Umbarger by this method of service with reasonable diligence.

Fifth, section 416.10(b) allows for service to be made on the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10(b). Umbarger's Statement of Information identifies no other officer, general manager, or

person authorized to receive service of process for Umbarger beyond Smith Jr.  *See* Ex. 1 at 2.  As such, Plaintiff's twelve attempts to serve Smith Jr. show that process cannot be served on Umbarger by this method of service with reasonable diligence.  *See, e.g., Floyd v. Saratoga Diagnostics, Inc.*, 2020 WL 3035799, at *3 (N.D. Cal. June 5, 2020) (finding section 416.10 satisfied when plaintiff was unable to serve the lone identified officer); *Gambord*, 2017 WL 2774408, at *3 (same).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to serve process on Umbarger via the California Secretary of State.

**IT IS SO ORDERED.**

Dated: January 28, 2021

_____
LUCY H. KOH
United States District Judge

6
Case No. 20-CV-06542-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR A COURT ORDER AUTHORIZING SERVICE BY DELIVERY BY HAND TO THE CALIFORNIA SECRETARY OF STATE